# Staunton.

VALLEY MUTUAL LIFE ASSOCIATION v. TEEWALT.

October 2, 1884.

1. INSURANCE COMPANIES—*Insurable Interest.*—It is well settled that a father has an insurable interest in his child's life, and the child in the father's.

2. IDEM—*Declaration.*—Declaration drawn in *substantial* conformity with V. C. 1873, ch. 174, § 14, is sufficient.

3. IDEM—*Evidence—Age of Insured.*—Statements of insured, some time *before* his application for policy, are not admissible evidence to disprove representations of his age contained in said application ; and the same is true *quoad* statements of insured to company's agent several months *after* policy issued.

4. IDEM—*Idem—Age of Insured by Appearance.*—It is improper to allow witness to give in evidence his opinion of insured's age from the latter's appearance.

5. IDEM—*Idem—Relevancy.*—Where there is nothing in the record to enable this court to see that a question is pertinent or proper, the answer not being given, it will not consider the question of the propriety or impropriety of the question. *Carpenter* v. *Utz*, 4 Gratt. 272 ; *Harman* v. *Lynchburg*, 33 Gratt. 43.

6. PRACTICE AT COMMON LAW—*Argument.*—Defendant cannot, after argument to jury has commenced, withdraw plea of general issue, and thus entitle himself to open and conclude the argument.

7. IDEM—*Idem—No Ground for Reversal.*—Though it has been decided that where general issue is not pleaded, but special matter, the proof of which rests on defendant, it may be proper for trial court to allow his counsel to begin and conclude the argument, yet the failure of that court to allow him so to do, will not suffice for appellate court to set aside the verdict, unless it appears that the verdict is contrary to the evidence, the same being certified.

8. IDEM—*Instructions—Relevancy.*—Unless record sets out sufficient matter

to show whether or not instructions asked for are relevant to the evidence, appellate court will not consider the question of the propriety or impropriety of trial courts giving, or refusing to give, said instructions. *Powell* v. *Tarry*, 77 Va. 260.

9. IDEM—*Rebuttal Evidence.*—Where burden is on defendant to prove a fact, it is competent for plaintiff to introduce rebuttal testimony as to that fact, after defendant has closed his case.

10. IDEM—*New Trial—Certificate of Evidence.*—Appellate court cannot consider trial court's refusal to award new trial where there is no *proper* certificate of evidence.

Error to judgment of circuit court of Shenandoah county in action of *assumpsit* instituted by James N. Teewalt, son of Samuel Teewalt, to recover of the Valley Mutual Life Association of Virginia, the sum of one thousand dollars for which the father had insured his life in favor of his son. To this action defendant company demurred, pleaded *non assumpsit*, and several special pleas, alleging fraud, misrepresentation, breach of warranty, and concealment in respect to the age of the insured. A verdict was found for the plaintiff and judgment entered accordingly. To this judgment the defendant company obtained from one of the judges of this court a writ of error and *supersedeas*.

*Marshall Hanger, M. L. Walton,* for plaintiff in error.

*H. C. Allen,* for defendant in error.

HINTON, J., delivered the opinion of the court :

The grounds of demurrer assigned are, first, that the assured did not sustain such a relation to the insured as would entitle him to recover, and second, that the interest of the assured was not sufficiently set forth in the declaration of the plaintiff. Neither of these grounds can be maintained, for, as to the first objection no matter what doubt may have been formerly entertained on the subject, it is now well settled that a father has an

insurable interest in the life of his child, whether a minor or of full age, and the child in the life of his father.   Bliss on Life Ins. (2d ed.), 41, 42; *Warnocks* v. *Davis,* 14 Otto, 779; *Connecticut Mut. Life Ins. Co.* v. *Luchs,* 108 U. S. R. 498.   And as to the second objection, we think we need only observe that an examination of the declaration has satisfied us that it is drawn in substantial conformity with the statute, and sufficiently and accurately sets out the interest of the assured.   V. C. 1873, ch. 167, § 14.   And we think therefore that the demurrer was properly overruled.

The real point of controversy at the trial, was whether Samuel Teewalt, the insured, had misrepresented his age in his application for the policy; and accordingly, the defendant, during the trial, took eight bills of exceptions, several of which have reference to the exclusion or admission of the testimony of witnesses supposed to have a bearing upon that point; and others of which refer to the action of the court in giving a certain instruction and in refusing to give certain other instructions which relate to the same point.   The first of these exceptions is taken to the refusal of the court to permit the defendant to ask a witness, one Joseph S. Irwin, "if he knew the age of Samuel Teewalt, the insured, at the time of the issuing of the certificate of membership or policy of insurance in," &c.,   *   * "by any statements that said Teewalt made to him   *   *   in 1863, or 1864, as to his age?"   But the action of the court in this respect was clearly right.   The statements of the insured, made seventeen or eighteen years before he obtained the policy, clearly are not admissible as evidence to disprove the statement made as to his age in his application for membership.   They were the declarations of a stranger, who was neither a party to the action, nor at the time of making them the agent of the party.   Bliss on Life Ins. § 372.   On this subject the supreme court of Kansas, in a late case says: "The contract is between the assured and the insured.   *   *   *   .*   The party insured is not party to the record, and therefore her declarations are not

admissible on that ground; she is not a party in interest, as the whole benefit and interest inures to the assured; she is not the agent and authorized to speak for him, nor does she come within any other rule by which her declarations can be received against him." *Washington Life Ins. Co.* v. *Haney,* 10 Kans. 525. Such statements certainly constitute no part of the *res gestæ*, and cannot be regarded as admissions against interest, and cannot therefore be admitted. The question therefore was properly rejected. These observations apply with even greater force to the fourth exception of the defendant, where the attempt was made to introduce the declarations of the insured made *to an agent* of the company some eight months after this policy was issued. For, in addition to the objections which have already been stated, it would tend to render utterly insecure this important class of contracts, by placing it within the power of insurance companies to avoid them upon the slippery recollections of a class of persons whose interests make it impossible that they should be entirely disinterested. We think, therefore, that there is no error set out in this exception.

We also think, that the court properly refused to permit the defendant to ask the witness, Charles Welsh, "what was the age of Samuel Teewalt, according to his appearance, and according to his (Welsh's) best *judgment,*" which is the subject of the second bill of exceptions. The sole object of the inquiry evidently was to draw from the witness an expression of his judgment, *i. e.* his opinion of Samuel Teewalt's age from his appearance; this the defendant was forbidden to do, not only by the general rule which excludes such evidence, but also by the third instruction which the court gave at his instance, and which instructs the jury that they "cannot consider in the determination of the matter, the opinions or suppositions of witnesses as to the age of Samuel Teewalt, but are confined to the actual facts and knowledge of witnesses as proven." The question we think was plainly inadmissible.

The defendant's next assignment of error is equally untenable.

It is contained in his third bill of exceptions. The defendant asked the witness, one Donaldson, "whether he knew from any business transactions with Joseph Teewalt, the brother of Samuel Teewalt, what his or Samuel's age was in 1861, and which was the elder." But the question was ruled out by the court. There is no indication, as the plaintiff has said in his brief, in the bill of exceptions, of the character of the business transactions between the witness and Joseph Teewalt, the brother of the insured; and, therefore, nothing from which this court can see that the question was either pertinent or proper. For aught that the court can see, the answer to the question would have contained nothing but the loose and unsworn statement of Joseph Teewalt as to his own age, and such statements would certainly not be evidence for any purpose. If the defendant desired to have this court pass upon this exception he should have set out in his bill of exceptions such matter as would have shown the relevancy of the rejected question. In *Carpenter and Wife* v. *Utz and als.*, 4 Gratt. 272, this court said: "That where it is alleged that error has been committed in excluding proper and relevant testimony from the jury, it is incumbent on the party seeking to reverse a judgment for this cause to show that error has been committed; and to this end the evidence offered and rejected must appear to have been relevant from the statement of the evidence alone; or if the relevancy or irrelevancy of the evidence offered depends upon other facts in the cause, the party alleging the error should present such a case on the record as shows the relevancy of the evidence rejected." *Johnson's Ex'x* v. *Jenning's Adm'r*, 10 Gratt. 8; *McDowell's Ex'or* v. *Crawford*, 11 Gratt. 387; *Harman* v. *City of Lynchburg*, 33 Gratt. 43.

The next assignment of error, which is the subject of the fifth bill of exceptions, is, that the plaintiff was allowed to ask of one Henry Rudolph substantially the same question which the defendant had been prohibited from asking the witness, Welsh. But in this we think he is mistaken. Rudolph was first asked if he knew the age of Samuel Teewalt. To which he replied

that he did not, except *by comparison with* his own." He was then asked by the plaintiff; "How much older, from his judgment, or younger, said Samuel Teewalt was than he;" which we interpret to mean: From a comparison of your ages, how much older or younger was Samuel Teewalt than you? and this is quite a different question from that which was asked of Welsh, viz: "what was the age of Samuel Teewalt, *according to his appearance*, and according to his best judgment, *from his appearance."* The question addressed to Welsh called for a mere expression of the opinion of the witness formed by the appearance of the insured. That addressed to Rudolph was intended doubtless to draw from the witness a statement of the difference between his age and that of the insured. So that if Rudolph were a certain number of years older than Teewalt, he might, by subtracting that certain number of years from his own, ascertain the age of Teewalt; or, if that number of years younger than Teewalt, he might, by adding them to his own, ascertain the age of Teewalt. But if this view of the matter be doubtful, still the defendants' exception cannot avail to reverse the judgment. For, as was said by this court in *Harman* v. *City of Lynchburg, supra,* "when an exception is taken to the admission or exclusion of evidence, or the granting or refusing of instructions, or, indeed, to any other ruling of the court at the trial, the bill should be so framed, by the insertion of proper matter, as to make the error, if any, complained of, apparent, otherwise the exception will be generally unavailing."

Here the bill of exceptions fails to state the answer, and the court is therefore unable to say whether it was admissible or not. In *Stoneman* v. *Commonwealth,* 25 Gratt. 887, this court said: "An objection to a question asked, and to the witness answering it, is overruled, and an exception taken, which does not state the answer. The appellate court cannot consider it." This ruling is decisive of the exception now under consideration, and shows that it constitutes no ground for a reversal of the judgment in this case. After all the evidence was introduced by both par-

ties, and one of the counsel for the plaintiff had said : " May it please the court," he was interrupted by one of the counsel for the defendant, who insisted on withdrawing the plea of *non assumpsit,* and then claimed the right to open and conclude the case, which being denied by the court, is made the ground of the sixth bill of exceptions. Upon this we deem it only necessary to say that we do not think that the defendant could, by withdrawing the plea of the general issue at that late stage of the trial, entitle himself to the opening and conclusion. But if he was entitled to the opening and conclusion on other grounds, a question which we do not now regard it as necessary for us to decide, yet the exception must prove unavailing, for it has been decided that " where the general issue is not pleaded, but special matter, the proof of which rests on the defendant, it may be proper for the court, in which the cause is pending, to allow his counsel to begin the argument and have the reply. But be this as it may, the failure of the court below to allow the defendant's counsel to open and conclude is not of itself a sufficient ground for an appellate court to set aside a verdict not appearing to be contrary to the evidence, which is exactly this case; for here there is no certificate of facts, or even of evidence, showing that the verdict is contrary to the evidence. *Harvey's Ex'or v. Steptoe's Adm'r,* 7 L. 501.

The next exception is taken to the action of the court in refusing to give three instructions asked for by the defendant, and in giving in lieu thereof an instruction of its own. But as the exception does not set out sufficient matter to show whether they were relevant or not, this court will not undertake to decide whether the court below erred in giving the one or in refusing the others. *Fitzhugh's Ex'or v. Fitzhugh,* 11 Gratt. 301; *Harman v. City of Lynchburg,* 33 Gratt. 43; *Powell v. Tarry's Adm'r,* 77 Va. R. 260.

As to the objection taken at the trial to the introduction of rebuttal testimony, it seems sufficient to say that the burden of proof being on the defendant to establish that Samuel Teewalt

was over sixty-three years and six months of age at the time of his application for membership, it was both competent and proper for the plaintiff to introduce rebutting testimony after the defendant had closed his case, on the question of age. But if this were not so, there is nothing in the exception, as we have before had occasion to observe, by which we can determine whether the defendant was prejudiced or not by this order of procedure, and, therefore, it can afford no excuse for disturbing the verdict.

A motion for a new trial was also made and overruled by the court, but as there is no proper certificate, either of evidence or of facts, it cannot be considered. The court, indeed, certifies that the evidence was conflicting upon nearly all the matters in controversy, but does not undertake to set out the evidence. In such a case the appellate court cannot, as a general rule, set aside the verdict. *Grayson's Case*, 6 Gratt. 713; *Caldwell* v. *Craig*, 21 Gratt. 136.

We find no error in the judgment of the circuit court of Shenandoah county, and the same must be affirmed.

JUDGMENT AFFIRMED.