Syllabus.

# Richmond.

## Union Central Life Ins. Co. v. Pollard.

### December 10, 1896.

1. Motions—*Life insurance policy.*—A motion may be made under section 3211 of the Code to recover money from a life insurance company on a policy of insurance.

2. Contracts—*By what law governed—Stipulation as to place of contract.*—A contract, so far as relates to its validity, nature, interpretation and effect, is to be governed by the law of the place with reference to which it is made, and an express stipulation of the parties that it is to be held and construed as made with reference to a certain jurisdiction shows by what law they intended the transaction to be governed.

3. Foreign Laws—*Judicial notice—How foreign laws proved.*—Courts do not take judicial notice of the laws of other States. Such laws are facts to be proved as other facts. The usual and better, if not the only manner, of proving the laws of a foreign State, when they are statutory, is by introducing in evidence a properly authenticated copy of the statute, or so much of it as is necessary to show what the foreign law is on the point in controversy.

4. Foreign Laws—*How far enforced—Matters affecting the remedy.*—When a foreign law has been proved, it is for the court to determine its interpretation and effect; and that portion of the foreign law which affects the validity, nature, and interpretation of a contract will be enforced, but not that portion which relates to matters of procedure only, such as the admission of evidence, and the rules of evidence. The latter are matters which affect the remedy, and are governed by the law of the country where the court sits which is asked to enforce the contract.

5. Contracts—*Existing laws enter into contracts.*—A statute which prescribes the scope and effect of contracts of insurance, and determines the duties and obligations of the contracting parties, is as much a part of such contracts as if incorporated into them. Existing laws enter into and become parts of all contracts made under them, and no waiver of the parties nor stipulations by them can change the law.

6. Notices—*Sufficiency of—Particulars of claim—Foreign laws need not be pleaded.*—Notices are presumed to be the acts of the parties, and not of

lawyers, and are viewed with great indulgence by the court. If more specific information is desired of the nature of the plaintiff's claim, the defendant can obtain it under the provisions of section 3249 of the Code, but if he fails to apply for it he cannot afterwards complain. In such proceedings foreign statutes need not be pleaded, if it is necessary in any case.

7. EVIDENCE—*Family bible—Entry by other than one of family.*—The entry in the family bible of the date of the birth of a member of the family, though not made by a member of the family, is in the nature of a record, and, being produced from the proper custody, is itself evidence tending to show such date. Being a family bible and accessible to all the family, the presumption is that the entry would not be permitted to remain if the whole family did not adopt it, and thereby give authenticity to it.

8. EVIDENCE—*Action on life policy—Statements in former applications.*—In an action upon a life policy where defence is made on the ground that the assured had falsely and fraudulently misrepresented his age, his declarations as to his age in a former application to another company for a policy for the benefit of another person cannot be received in evidence against the beneficiary in the policy in suit to prove the facts stated therein, but after proof tending to show that his age is different from what he represented it to be, it may be received to show that he had knowledge of his age, and falsely and fraudulently misrepresented it.

9. APPELLATE COURT—*Exclusion or rejection of evidence by trial court—Materiality.*—A judgement will not be reversed because evidence has been excluded or rejected by the trial court, unless its materiality is made to appear. If the ruling was made on the examination of a witness a bill of exceptions should be taken showing what the answer of the witness was, if one was given, or what was proposed to be proved by him, if the answer was excluded.

Error to a judgment of the Circuit Court of the city of Richmond, rendered June 30, 1894, in a proceeding by motion on a notice wherein the defendant in error was the plaintiff, and the plaintiff in error was the defendant.

*Reversed.*

This was a proceeding by notice on an insurance policy on the life of Augustus M. Broach. The beneficiary in the policy, the plaintiff in the court below, was Dollie E. Pollard, his daughter. There was a verdict and judgment for the plaintiff for the sum of four thousand dollars, the amount of

the policy, subject to a credit for two hundred and seven dollars and twelve cents, as of May 1, 1893, being the amount of the last premium due on the policy which had been tendered in due time to the company, but refused by it. The defence relied on was that the assured had fraudulently represented himself as being a year younger than he really was, and that he was diseased and failed to disclose it. On the same day on which the policy in suit was issued the assured made three applications for insurance on his life for his different daughters, in each of which, as well as the application on which the policy in suit was issued, he gave as the date of his birth May 8, 1839. In a written application to the Valley Mutual Life Association of Virginia, dated December 12, 1882, by which he applied for a policy for the benefit of his wife and children, he gave as the date of his birth May 8, 1838. What was called the family bible was introduced to show his age, and in the records of births his name and others appear in the handwriting of a stranger, and the date of his birth is given as May 8, 1838. The bible itself was published some years after the birth of the assured, but it was shown that it was the bible kept in the family as the family bible, accessible to all the family, and contained the dates of the births and deaths of the family. Objection was made to the introduction of the foregoing entries, but was overruled, and exception taken by the plaintiff. The other facts sufficiently appear in the opinion of the court.

After the evidence was all in, the plaintiff asked the court for one instruction, and the defendant asked for five. The court refused all of the instructions asked for by the defendant, and gave the instruction asked for by the plaintiff, with additions thereto. This action of the court was excepted to by the defendant. The instruction given by the court, and the instructions tendered by the defendant but rejected, were as follows:

Instructions given by the court:

''If the jury believe from the evidence that the defendant company issued the policy sued on; that the answers to all the questions propounded to the insured, A. M. Broach, by the said company's agents and medical examiner, and written out in the application, were made in good faith, were substantially true, and that there was no intention to defraud the company in making any of said answers; that all the premiums were duly paid as they fell due, except the last, which was duly tendered by the plaintiff and refused by the company, and that due and satisfactory notice and proof of death of said Broach were furnished said company more than sixty days before this suit was brought, then the jury must find for the plaintiff the amount of the policy, but subject to a credit, $207.12, the amount of the premium then due and afterwards tendered and refused as aforesaid.

"But if the jury believe that the answers to the questions respecting the insured's age, his previous health and habits were or either of them was wilfully false and fraudulently made, they should find for the defendant.

"But if the jury should believe that the age was inaccurately stated without intended fraud they should deduct from the amount of policy in addition to the sum of $207.12, above named the farther sum of $186.68, that being the agreed difference between the amount of the policy and the amount for which the premiums paid would have entitled a man of fifty-three years to claim from the defendant."

Instructions asked by the defendant:

## No. 1.

" The court instructs the jury that the statements in the application which are made a part of the policy, are warranties of the truth of the statements therein contained, and if they believe from the evidence that any of said statements are untrue in any respect, whether material or immaterial, they avoid the policy, and the plaintiff cannot recover.

### No. 2.

"The court instructs the jury that the truth of the state-ments contained in the application which are made a part of the policy is the basis of the contract between the parties to this controversy, and if they believe from the evidence that any of said statements in said application are untrue then they must find for the defendant.

### No. 3.

"If the jury believe that the answers to the questions in the application for insurance as to the date of birth and next birthday of A. M. Broach were false and untrue, the policy issued upon the application is void, and they must find for the defendant.

### No. 4.

"The court further instructs the jury that if they believe from the evidence that at the time of issuing the policy sued on the insured knowingly misstated the date of his birth, then the court instructs the jury that such a misstatement is material and vitiates the policy.

### No. 5.

"If the jury find from the evidence that any of the answers made by Mr. Broach in his application for this insurance were untrue in a material particular, that the defendant acted upon these answers, believing them to be true, that the company did not know they were untrue, and would not have is-sued the policy if it had not relied upon such answers, then there can be no recovery upon the policy, and your verdict must be for the defendant.''

*Christian & Christian* and *Ramsey, Maxwell & Ramsey,* for the plaintiff in error.

*Geo. P. Haw* and *Pegram & Stringfellow*, for the defendant in error.

BUCHANAN, J., delivered the opinion of the court.

Section 3211 of the Code authorizes a party entitled to recover money from a life insurance company on a policy of insurance to proceed against it by motion upon notice. *Morotock Ins. Co.* v. *Pankey, &c.*, 91 Va. 259; *Long* v. *Pence's Com.*, 93 Va. 584.

The policy of insurance provided that "it was issued and accepted upon the further conditions and agreements contained on the following page, which are made a part of this contract *and which contract shall be held and construed to have been made in the city of Cincinnati, Ohio.*"

The defendant company was an Ohio corporation, doing business in this State where the insured lived, and where the application was made. But for the express provision in contract of insurance that it should be "held and construed to have been made in the city of Cincinnati, Ohio," there might be some ground for holding that it was a Virginia contract.

Where, however, the parties to the contract have themselves expressly declared that their contract shall be held and construed as made with reference to a certain jurisdiction, that shows by what law they intended the transaction to be governed. And, as said by Phillimore, 4 Int. Law, 469: "It is always to be remembered that in obligations it is the will of the contracting parties, and not the law, which fixes the place of fulfillment—whether that place be fixed by *express words* or by tacit *implication*—as the place to the jurisdiction of which the contracting parties elected to submit themselves." "In every forum," said Chief Justice Marshall, in *Wayman* v. *Southard*, 10 Wheat 1, 48, "a contract is governed by the law with reference to which it is made."

There is no room for inference or presumption as to

what that intention was when it is expressed in the contract. *Pritchard* v. *Norton*, 106 U. S. 124.

The contract of insurance having been made with reference to the laws of the State of Ohio, the plaintiff had the right to rely upon them in enforcing his contract so far as they related to its validity, nature, interpretation, and effect. *Freeman's Bank* v. *Ruckman*, 16 Gratt. 126, 127; *Corbin* v. *Planters Nat. Bank*, 87 Va. 665; 3 Minor's Insts., 145; Story on Conflict of Laws, secs. 263, 280.

In order to rely upon the laws of that State it was necessary to prove them, as the court could not take judicial notice of the laws of another State.    They are facts of which courts and juries must be informed as of other facts.

The plaintiff offered in evidence the following sections of the Revised Statutes of Ohio (1880) over the defendant's objection:

Sec. 3625. No answer to any interrogatory made by an applicant in his or her application for a policy, shall bar the right to recover upon any policy issued upon such application, or be used in evidence upon any trial to recover upon such policy, unless it be clearly proved that such answer is wilfully false and was fraudulently made, that it is material, and induced the company to issue the policy, and that but for such answer the policy would not have been issued, and, moreover, that the agent or company had no knowledge of the falsity or fraud of such answer.    (75 Ohio Laws, p. 572, sec. 18.)

Sec. 3627. All companies organized under any laws of this State shall continue corporations for the purpose for which they were chartered, but subject to all the provisions, requirements and penalties imposed on companies organized under this chapter, and entitled to all the benefits and privileges of this chapter.    (69 Ohio Laws, p. 150, sec. 20.)

The object of that statute, and statutes of like character, which have been enacted in many of the States, was to prevent insurance companies from escaping liability upon their contracts upon mere technical grounds, which do not affect the merits of the case.    It abolished the common law rule that the warranty of the truth of the answer to a specific interroga-

tory in an application for a policy implied that the subject
matter of the question and answer is material, and that such
answer so warranted, if not true renders the policy void
whether it was made in good faith or not.   It provides that
no answer in such an application shall bar the right of recovery
on the policy unless it was wilfully false, fraudulently made,
material, and induced the company to issue the policy, and
that but for such answer the policy would not have been is-
sued, and that neither the agent nor company had any knowl-
edge of the falsity or fraud of such answer.   It is a statutory
rule for the regulation of contracts of insurance, which pre-
scribes their scope and effect, and determines the duties and
obligations of contracting parties.   It is therefore as much a
part of every contract of life insurance governed by the
laws of the State of Ohio, and made after that statute was
passed, as if incorporated in it; the general rule being that
laws in existence are necessarily referred to in all contracts
made under such laws, and that no waiver of the parties nor
stipulations in the contract can change the law.   *Hermany*
v. *Fidelity Trust, Life, &c.*, 151 Penn. St. 17; *Fidelity Trust,
Life, &c.* v. *Ficklin*, 74 Md. 172; *Ins. Company* v. *Leslie*,
47 Ohio St. 409; and *White* v. *Providence Save. Life Ass.*,
163 Mass. 108.

It is insisted that in order to introduce in evidence the
laws of the State, they must have been relied upon in the
plaintiff's pleading.

The proceeding in the case, as we have seen, was by mo-
tion upon notice.   The rule governing notices is that they
are presumed to be the act of the parties, and not of lawyers,
and are viewed with great indulgence by the courts.   If the
notice be such that the defendant cannot mistake its object,
it will be sufficient.   *Supervisors* v. *Dunn*, 27 Gratt. 608.

If the defendant desires to have more specific information
of the plaintiff's claim than is contained in the notice, he has
the right to move the court to order the plaintiff to file a

statement of the particulars of his claim.    If the court makes such order and the plaintiff fails to comply with it, the court may exclude evidence of any matter not so plainly described in the notice as to give the defendant information of its character.    Code, sec. 3249.

No such motion was made in this case.

If the defendant was surprised by the introduction of the laws of the State of Ohio, assuming that it was necessary to plead them in a case where there are formal pleadings, it was because it failed to avail itself of the provision of section 3249.

It is also contended that those laws were not properly proven even if they were admissible.    The usual and better, if not the only manner, of proving the laws of a foreign State, when they are statutory, is by introducing in evidence a properly authenticated copy of the statute, or so much of it as is necessary to show what the foreign law is upon the particular point or points in controversy.

In the case of *Hunter* v. *Fulcher*, 5 Rand. 126, 131, one section only of a statute of the State of Maryland was introduced in evidence.    This court held that the section offered was perfect as to the sense and purpose (as are the sections relied on in this case), and that there was no necessity for introducing the whole of that statute upon the general subject of which the section offered was a part.

When the evidence of the law of another State is shown by a copy of a statute, or a part of it, as was done in this case, the question of its interpretation and effect was for the court alone, as in the case of other evidence which consists entirely of writings or documents.    *Evans* v. *Smith*, 14 How. 400; *Kline* v. *Baker*, 99 Mass. 255.

It is true that a portion of the statute in question provided that no answer to any interrogatory made by an applicant for a policy of insurance shall be used in evidence except under certain circumstances.

The admission cf evidence and the rules of evidence are matters of procedure rather than matters touching the rights of the parties under their contracts, and are generally to be governed by the law of the country where the court sits. That portion of the statute does not affect either the validity, nature, or interpretation of the contract, but applies alone to the remedy; and in the enforcement of the contract in this State will not be ` regarded, but our mode of procedure will be followed. *Fant* v. *Miller*, 17 Gratt. 47; *Corbin* v. *Planters Nat. Bank*, 87 Va. 661; Story on Conflict of Laws (8th ed.), § 634a.

The defendant in making its defence sought to show that one or more of the material statements made by the insured in his application were false and fraudulent. To do this it offered in evidence the family Bible of the insured, and read to the jury an entry which tended to prove that he was born on the '8th day of May, 1838, instead of May 8, 1839, as stated in his application for the policy sued on. Although it appeared that the entry read to the jury as to the date of his birth was made by a person who was not a member of his family, it was admissible evidence, and tended to prove the date of the birth of the insured. The admissibility of an entry in a family Bible does not depend upon the handwriting or authorship of the entry, but upon the fact that it is in the family Bible. It is of the nature of a record, and, being produced from the proper custody, is itself evidence. The reason why it is admissible, although the handwriting be unknown or made by others than the family, is simply because the Bible being in the family, where all have access to it, the presumption is that the entry would not be permitted to remain if the whole family did not adopt it, and thereby give authenticity to it. *Monkton* v. *Attorney General*, 11 Eng. Chy. R. at pages 162-3 (2 Russ & Mylne); *Hubbard* v. *Lees*, 1 Law Rep. (Court of Ex.), 255, 258; 1 Taylor on Evidence, sec. 650; 1 Greenleaf on Evidence, secs. 104, 105.

After this evidence had been introduced, the defendant offered the application of the insured for a policy of insurance in another company made several years prior to his application for the policy sued on, in which he stated that he was born on the 8th day of May, 1838. This evidence upon the objection of the plaintiff was excluded. This is assigned as error.

The policy sued on having been taken out for the benefit of another by the insured, his declarations in the first application were not admissible against the beneficiary, to prove the facts stated in it. *Valley Mut. Ass.*, v. *Teewalt*, 79 Va. 421; *Swift* v. *The Mass. Life Ass.*, 63 N. Y. 186. It was important, however, for the defendant to show that the insured had knowledge of his age in order to show that his answer as to his age in the latter application for insurance was false or fraudulent. Competent evidence having been offered tending to show his age, his declarations in the former application for insurance were competent to show that he had such knowledge. The court erred, therefore, in not allowing the former application for insurance to go to the jury.

Other exceptions were taken to the action of the court in excluding evidence of the declarations of the insured, as to his health and habits, but as the judgment of the Circuit Court will have to be reversed for refusing to allow the insured's former application for insurance to go to the jury, it is unnecessary to consider them further than to say that the declarations of the insured were not competent evidence to prove the existence of *facts* showing false statements in his application, *i. e*, as that he had a disease denied in the application for insurance. But where such facts are otherwise proved, or there is evidence tending to prove them, the declarations of the insured are competent for the purpose of showing that the insured had knowledge thereof.

It does not appear from some of the bills of exceptions

whether the evidence rejected by the court was material or not.

In order to show that the trial court erred in rejecting an offer of evidence, or in excluding evidence, the bills of exceptions must show the materiality of the evidence tendered. Where a question is asked, and the witness is not permitted to answer, the bill of exceptions must show what the party offering the witness expected or proposed to prove by him. If the witness is permitted to answer, and the answer is excluded, it should show what the answer was. This is necessary because it may be that the witness had no knowledge upon the subject, or what he knew was irrelevant or immaterial. A judgment will not be reversed because evidence has been excluded or rejected by the trial court unless its materiality is made to appear. *Caperton* v. *Utz*, 4 Gratt. 272; *Johnson's Ex'x* v. *Jennings*, 10 Gratt. 17; *McDowell's Ex'or* v. *Crawford*, 11 Gratt. 387; *Martz* v. *Martz*, 25 Gratt. 367; *Stoneman's case*, 2 Gratt. 887; *Continental Ins. Co.* v. *Kasey*, 2 Gratt., at page 276; *Beirne* v. *Rosser & Turner*, 26 Gratt. 537, 547; *Valley Mut. Life Ass.* v. *Teewalt*, 79 Va. 421; *Taylor* v. *Commonwealth*, 90 Va. 110.

The court properly refused to give the five instructions asked for by the defendant. They were all based upon the erroneous theory that the policy of insurance was not made with reference to, and was not to be interpreted by, the laws of the State of Ohio.

There was no error in the action of the court to the prejudice of the defendant in giving the instruction asked for by the plaintiff as amended.

As the case will have to be remanded for a new trial, it is unnecessary to consider the assignment of error that the verdict is contrary to the evidence.

The judgment will be reversed, the verdict set aside, and a new trial awarded, to be had in accordance with the views expressed in this opinion.

*Reversed.*