## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## RINEHART V. PIRKEY (NO. 1)
### and
## RINEHART V. NETTLETON (NO. 2)

November 20, 1919.

1. IMPLIED CONTRACTS—*General Doctrine.*—The acts of the parties may bring about an obligation *quasi ex contractu.* Where one person confers benefits upon another for which the latter ought to pay, the obligation rests upon the doctrine that a man shall not be allowed to enrich himself unjustly at the expense of another.

2. ASSUMPSIT—*Money Had and Received.*—The action of *indebitatus assumpsit* for money had and received will lie whenever one has the money of another which he has no right to retain, but which *ex aequo et bono* he should pay over to that other. This action has of late years been greatly extended, because founded on principles of justice; and it now embraces all cases in which the plaintiff has equity and conscience on his side and the defendant is bound by ties of natural justice and equity to refund the money. In such a case, no express promise need be proved, because from such relation between the parties the law will imply a debt and give this action founded on the equity of the plaintiff's case, as it were upon a contract, *"quasi ex contractu,"* as the Roman law expresses it, and upon this debt founds the requisite undertaking to pay.

3. IMPLIED CONTRACTS—*Burden of Proof.*—In an action for money had and received, the burden of proving all of the facts from which the alleged legal liability will arise rests upon the plaintiff who asserts such liability.

4. BILL OF PARTICULARS—*Notice of Motion for Judgment—Sufficiency of Notice.*—In the instant cases a bill of particulars was filed by the plaintiff following the original notices of motion for judgment. The original notices were dismissed by the court below, after which amended notices were filed, but no bill of particulars was filed after the filing of the amended notices.

*Held:* That on the question of the sufficiency of their allegations, the amended notices must stand or fall alone, unaided,

upon demurrer, by the bills of particulars which were filed, or any which could be filed, in the cases. The bills of particulars which were filed went out of the cases with the original notices when the latter were dismissed.

5. PLEADING—*Motion for Judgment—Sufficiency of Allegations.*— Under the statutory procedure by motion the notice takes the place of the writ and declaration. But it does not follow from this that a notice must be as specific in its allegations of fact as is essential to the validity of a declaration, for if that were so the object of the statute law in putting in force this reform in pleading—which among other things is to simplify and shorten pleadings—would be in part, at least, defeated.

6. NOTICE OF MOTION FOR JUDGMENT—*Construction—Sufficiency.*— Notices of motion for judgment are viewed with great indulgence by the courts; and if the terms of the notice be general, the court will construe it favorably, and apply it according to the truth of the case, so far as the notice will admit of such application. If it be such that the defendant cannot mistake the object of the motion, it will be sufficient. The notice is good on demurrer if the defendant cannot reasonably mistake its object.

7. NOTICE OF MOTION FOR JUDGMENT—*Sufficiency—Conclusions of Fact.*—A notice of motion for judgment is not insufficient to state a case, *i. e.,* to state a cause of action, merely because it is general in its terms. That is to say, it does not fail to sufficiently state a cause of action merely because such statement is in the form of conclusions of fact. This is true in general of declarations, and *a fortiori* must be true of notices.

8. NOTICE OF MOTION FOR JUDGMENT—*Sufficiency—Case at Bar.*— In the instant cases the notices of motion for judgment were such that the defendants could not reasonably mistake their object (*i. e.,* could not reasonably mistake the causes of action intended to be stated therein), and such causes of action, if they exist, are such as entitled the plaintiffs to recover.

*Held:* That the notices were good on demurrer, although they stated some of the facts in the form of conclusions of fact.

9. NOTICE OF MOTION FOR JUDGMENT—*Sufficiency—Common Count of Indebitatus Assumpsit—Case at Bar.*—The notices of motion for judgment in the instant cases gave to the defendants all of the information concerning the causes of action that the common count of *indebitatus assumpsit* would have given, if used by the plaintiff in actions of *indebitatus assumpsit,* namely, that the said defendants were indebted to the said plaintiff in the sums of money aforesaid, which were on a certain day, which is named, "advanced" for the said defendants, and which

they have "impliedly promised" to repay to the plaintiff. And the notices give, in addition, more definite and specific information to the defendants, namely,.to whom the money is alleged to have been paid, the purpose for which it was paid, the nature of the transaction in which it was paid, how the defendants were benefited, and adds the additional allegation of fact (albeit that it is a conclusion of fact) that the defendants subsequently to the alleged action of the plaintiff "ratified" such action, and in that way also made themselves "liable" to the plaintiff, *i. e.*, in that way also "impliedly promised" to repay the money to the plaintiffs.

*Held:* That the notices were sufficient.

10. RATIFICATION—*Pleading—Allegation of Ratification.*—No act of another can be ratified without the person ratifying having had knowledge of the act before or at the time of such ratification. But an allegation of ratification necessarily includes the allegation of such existence of such knowledge, since without the latter the former fact could not exist. Ratification is the ultimate fact in such case. The allegation of ratification assumes the existence of the knowledge aforesaid as a conclusion, but it is a natural and indeed a necessary conclusion and is a conclusion of fact.

11. BILL OF PARTICULARS—*Right of Defendant to Demand.*—If defendant desires more specific information of plaintiff's claim than is contained in a notice of motion for judgment, he has the right to move the court to order the plaintiff to file a statement of the particulars of his claim, and if the court makes such order and the plaintiff fails to comply with it, the court may exclude evidence of any matter not so plainly described in the notice as to give the defendant information of it character.

Error to a judgment of the Circuit Court of Alleghany County, in a proceeding by motion for a judgment for money. Judgment for defendants. Plaintiff assigns error.

*Reversed and remanded.*

There was the following amended notice of motion by the plaintiff in error (hereinafter designated plaintiff), in the first above entitled case (certain parts of the notice not material upon the issue before us being omitted):

"To Mr. J. R. Pirkey:

"You will please take notice that * * * I will move the circuit court * * * for a judgment against you for the sum of Twenty-Seven Hundred Dollars ($2,700.00), with legal interest thereon from September 14, 1917, until paid, the same being due me from you by virtue of the following account, which said account is sworn to and filed as a part of this notice.

"J. R. PIRKEY,

"In account with W. A. Rinehart.

"1917.

"September 14. To amount advanced to the Covington Savings Bank, Incorporated, for your benefit to repair and replenish your forty (40) shares of stock on the Covington Savings Bank, Inc., on which you have drawn dividends on two occasions since your said stock being so repaired and replenished, and, which said sum of $2,700, so advanced by me to repair your said stock you have impliedly promised to pay me and which said advancement of $2,700 on my part to repair your said stock was subsequently ratified by you, thus making you liable to me for $2,700 with legal interest thereon from September 14, 1917, till paid.

(Signed) "W. A. RINEHART,

"By Counsel."

There was precisely the same notice of motion given E. M. Nettleton in the second above entitled case, with like omissions as above noted, except that the amount claimed and mentioned in the notice in such second above entitled case is "$1,620.00, and the number of shares of stock is stated as "twenty-four (24)."

There was a demurrer which was precisely the same in

both of said cases, which, so far as material, was as follows:-

"Defendant, by his attorney, comes and demurs to plaintiff's amended notice, and for grounds of demurrer says, the same is not sufficient in law, and for further grounds of demurrer defendant * * * says:

"(1st). That although the defendant states in his amended notice that plaintiff impliedly promised to pay the said sum of money mentioned in the said amended notice, yet said amended notice does not state any facts upon which such implied promise, in law, can be based.

"(2nd). Said amended notice does not show the facts upon which or the manner in which the defendant ratified plaintiff's claim."

There was a bill of particulars filed by the plaintiff following the original notices, but none was ordered or filed after the filing of the amended notices. The original notices were dismissed by the court below, after which the amended notices were filed.

The plaintiff joined in the aforesaid demurrers to the amended notices, the court below sustained such demurrers and entered an order in both cases dismissing the notices of motion; and such action of the trial court is the subject of review brought before us by the assignments of error in these cases.

*Haden & Haden,* for the plaintiff in error.

*William E. Allen,* for the defendants in error.

SIMS, J., after making the foregoing statement, delivered the following opinion of the court:

[1, 2] As said in Clark on Contracts (1894 ed.), sec. 314, p. 757, "The acts of the parties may bring about an obligation *quasi ex contractu* * * * Where one person confers benefits upon another for which the latter ought to pay, * * * the obligation rests, as said by Professor Keener, 'upon the doctrine that a man shall not be allowed to enrich himself unjustly at the expense of another.'" This learned work then proceeds in its text to quote from the opinion of this court delivered by Judge Lee in the case of *Lawson* v. *Lawson,* 57 Va. (16 Gratt.) 230, at p. 232 (80 Am. Dec. 702, as follows: "'The action of *indebitatus assumpsit* for money had and received will lie whenever one has the money of another which he has no right to retain, but which *ex aequo et bono* he should pay over to that other. This action has of late years been greatly extended, because founded on principles of justice; and now embraces all cases in which the defendant is bound by ties of natural justice and equity to refund the money. In such a case no express promise need be proved, because from such relation between the parties the law will imply a debt, and give this action, founded on the equity of the plaintiff's case, as it were, upon a contract—'*quasi ex contractu,*' as the Roman law expresses it—and upon this debt found the requisite undertaking to pay.'"

[3] The alleged causes of action, if they exist, must have arisen under the legal principle above mentioned. Such is the character of such causes of action. Of course the burden of proving all of the facts from which the alleged legal liability will arise rests upon the plaintiff who asserts such liability. How far the pleading of such a plaintiff must descend into allegation of particulars, if at all, beyond the general allegation of such facts as may be sufficient to so apprise the defendant of the cause of action which he is called upon to defend that he cannot reasonably mistake what cause of action is alleged, is the subject of controversy in the case before us.

The actions in the cases before us may be maintained if the relationship and acts of the parties bring the cases within the operation of the principle of law above mentioned. It would be out of place for us in the consideration of the cases on the demurrers to the notices to enter, further than we have done above, upon any statement of what relationship and acts of the parties would or would not make a case for the plaintiffs to which the legal principle mentioned would be applicable. Our consideration must be confined to the question of whether the amended notices of motion set out matter of fact sufficient to maintain the actions?

[4] Before proceeding to deal with the question just stated, we should observe that the position is taken in the brief for the defendants that the bills of particulars referred to in the statement of the case preceding this opinion are no part of the original or amended notices of motion, citing a number of authorities and among them *George Campbell Co.* v. *George Angus Co.*, 91 Va. 441, 22 S. E. 167. That position is unquestionably correct. On the question of the sufficiency of their allegation, the amended notices must stand or fall alone, unaided, in so far as the demurrers are concerned, by the bills of particulars which were filed or any which could be filed in the cases. And the bills of particulars which were filed, went out of the cases with the original notices when the latter were dismissed (*Kelsey* v. *Punderford*, 76 Conn. 277, 56 Atl. 579), and cannot be considered by us as any part of the records before us.

Coming now to the question of the sufficiency or insufficiency of the amended notices:

[5] Under the statutory procedure by motion the notice takes the place of the writ and declaration. Burks' Pl. & Pr., sec. 97, p. 169. But it does not follow from this that a notice must be as specific in its allegations of fact as is

essential to the validity of a declaration, for if that were so
the object of the statute law in putting in force this reform
in pleading—which among other things is "to simplify and
shorten pleading * * * (Burks on Pl. & Pr., sec. 97, p. 168)
—would be in part, at least, defeated.

[6] As said in the learned and valuable work just quoted
concerning notices in a proceeding by motion under our
statute law on the subject: "They are viewed with great
indulgence by the courts; and if the terms of the notice be
general, the court will construe it favorably, and apply it
according to the truth of the case, so far as the notice will
admit of such application. If it be such that the defendant
cannot mistake the object of the motion, it will be suffi-
cient." Citing Virginia cases. Burks' Pl. & Pr., sec. 97,
p. 169. This of course means that the notice is good on
demurrer if the defendant cannot *reasonably* mistake its
object. And, as said in the opinion of the court delivered
by Judge Buchanan in *Union Central Life Ins. Co.* v. *Pol-
lard*, 94 Va. 146, at pp. 153-4, 26 S. E. 421, 422 (36 L. R.
A. 271, 64 Am. St. Rep. 715). "If the notice be such that
the defendant cannot mistake its object, it will be sufficient.
* * * If the defendant desires more specific information of
the plaintiff's claim than is contained in the notice, he has
the right to move the court to order the plaintiff to file a
statement of the particulars of his claim. If the court
makes such order and the plaintiff fails to comply with it,
the court may exclude evidence of any matter not so plainly
described in the notice as to give the defendant information
of its character. Code, sec. 3249."

It is true that this court held in *Security Loan Co.* v.
*Fields*, 110 Va. 830, 67 S. E. 342, that the notice must state
a case in which, if true, the plaintiff is entitled to recover.
Of the correctness of that statement of the law, as appli-
cable to that particular character of case, we have no sort
of doubt. There the liability of the defendant, an endorser,

45

depended upon the existence of the facts of the present-
ment for payment at maturity and the notice having been
given of the dishonor of the note. These essential facts
were not in any way alleged in the notice. The question
there presented was not whether a notice containing a gen-
eral allegation of such facts in the form of a conclusion of
fact, was sufficient; but whether a notice in which there
was an entire absence of the allegation of such facts was
sufficient.

[7, 8] Certainly the notices under consideration are not
insufficient to "state a case," *i. e.*, to state a cause of ac-
tion, merely because they are general in their terms. That
is to say, they do not fail to sufficiently state a cause of ac-
tion merely because such statement is in the form of con-
clusions of fact. This is true in general of declarations,
and *a fortiori* must be true of notices. Therefore, without
entering here upon the interesting subject of just how far
the informality permitted in a notice will allow it to fall
short of the allegations of fact required in a declaration,
we deem it sufficient to say concerning the cases before us
that if the notices are such that the defendants could not
reasonably mistake their object (*i. e.*, could not reasonably
mistake the causes of action intended to be stated therein),
and such causes of action, if they exist, are such as entitle
the plaintiffs to recover, the notices are good on demurrer,
although they state some of the facts in the form of con-
clusions of fact.

Now we find on reading the notices, copied in the state-
ment preceding this opinion, that they are more specific in
their allegations of fact than would have been the common
count of *indebitatus assumpsit*, if that form of action had
been used by the plaintiffs, and they state causes of action
in which the plaintiffs are entitled to recover if the common
count just mentioned would have done so.

Declarations in assumpsit, containing the common count

just mentioned, would have been unquestionably sufficient
to maintain the actions in the cases before us and would
be held good on demurrer in such cases. The contract
involved in these cases is in truth a liquidated claim, the
pleading of which at common law was reduced to the short
statement of the existence of a debt, and the count *in-
debitatus assumpsit* was adopted as a sufficient form for
such a pleading. Clark on Contracts (1894 ed.), sec. 311,
pp. 754-5. And yet such count would have been more
general in its allegations than the notices aforesaid. That
count would have alleged merely that "the said defendant
was indebted to the said plaintiff * * * in the sum of
$2,700.00" (in the one case, and $1,620.00 in the other)
"for money before that time lent and advanced to and
paid, laid out and expended for the said defendant, and
at his * * * special instance and request." Such declara-
tions would not have informed the defendants to whom
the money was alleged to have been paid, whether to the
defendant or to some other person, or, if the latter, to
what other person, or whether it was paid out as a loan, or
otherwise, or for what purpose or what was the nature
of the transaction in which it was paid out, or how the
defendant was benefited. Nor would the allegation of the
paying out at the "special instance and request" of the
defendants have conveyed the information to the defen-
dants that it was alleged that they had in fact made such
request. For, as is well understood, such count in a de-
claration in assumpsit, "rests only on a legal liability
springing out of a consideration received," note of Hare
& Wallace to case of *Cutter* v. *Powell*, 2 Smith's Lead.
Cas. (5th Am. Ed.) 22-53; that is to say, such count rests
upon an implied promise which the law infers in the ab-
sence of any express promise, because, *ex aequo et bono,*
such a promise should be so inferred. Such a declaration
does not inform a defendant that the expenditure alleged

was in fact made "at his * * * special instance and request,"
since the defendant must be taken to know that such
phraseology is merely formal and fictitious, and that its
true meaning is that it charges that the law has implied the
promise, and hence that the defendant has, "impliedly
promised" to repay the money to the plaintiff.  Burks Pl.
& Pr., sec. 86, pp. 124 *et seq.*

[9]  Comparing the notices under consideration with
the common count of *indebitatus assumpsit,* we see there-
fore that the notices give to the defendants all of the
information concerning the causes of action that such count
would have given, if used by the plaintiff in actions of
*indebitatus assumpsit,* namely, that the said defendants
were indebted to the said plaintiff in the sums of money
aforesaid, which were on a certain day, which is named,
"advanced" for the said defendants, and which they have
"impliedly promised" to repay to the plaintiff.  And the
notices give, in addition, more definite and specific infor-
mation to the defendants, namely, to whom the money is
alleged to have been paid; the purpose for which it was
paid; the nature of the transaction in which it was paid;
how the defendants were benefited; and adds the addi-
tional allegations of fact (albeit that it is a conclusion
of fact), that the defendants subsequently to the alleged
action of the plaintiff "ratified" such action, and in that
way also made themselves "liable" to the plaintiff, *i. e.,*
in that way also "impliedly promised" to repay the money
to the plaintiffs.

[10]  With respect to the allegation of ratification: Of
course, no act of another can be ratified without the per-
son ratifying having had knowledge of the act before or
at the time of such ratification.  But an allegation of
ratification necessarily includes the allegation of such exis-
tence of such knowledge, since without the latter the
former fact could not exist.  Ratification is the ultimate

fact in such case.   The allegation of ratification assumes, the existence of the knowledge aforesaid as a conclusion, but it is a natural and indeed a necessary conclusion and is a conclusion of fact.

To summarize:

The notices allege even as specifically as declarations of *indebitatus assumpsit* would have done, the ultimate fact that the money was advanced by the plaintiff for the benefit of the defendants, and substantially the further ultimate fact that this was done under such circumstances that the case is one of that character in which the law implies a promise on the part of the defendants to repay the plaintiff the money so advanced.

The notices also allege the still further ultimate fact that the defendants ratified the plaintiff's claim in such a manner that the case is one of the character aforesaid.

The notices in addition descend much more into detail of allegation of the facts in part constituting the proof of said ultimate facts than declarations in *indebitatus assumpsit* would have done, and on the whole the notices are such that the defendants could not reasonably mistake the object of the motions—i. e., could not reasonably mistake the causes of action intended to be alleged therein.

We are of opinion, therefore, that the notices are sufficient to entitle the plaintiff to go to trial of the actions aforesaid.

[11]   What is said in *Union Central Life Ins. Co.* v. *Pollard, supra* (94 Va. at pp. 153-4, 26 S. E. 421, 36 L. R. A. 271, 64 Am. St. Rep. 715), above quoted, in regard to the right of the defendant to move the court to order the plaintiff to file a bill of particulars, and that if the court makes such order and the plaintiff fails to comply with it, the court may exclude evidence of any matter not so plainly described in the notices as to give

the defendants information of its character, is applicable to these cases; and it will depend upon the evidence before the court on the trial of the cases, if such trials are had, whether the plaintiff is entitled to recover of the defendants upon the legal principle above averted to. And upon the last mentioned subject we wish to be understood as expressing no opinion.

The judgments under review will therefore be reversed, the demurrers will be overruled, and the cases remanded to the court below for further proceedings to be had therein, if the parties are so advised, not in conflict with this opinion.

*Reversed and remanded.*