## Richmond.

### JOHN EMORY JONES V. COMMONWEALTH.

January 18, 1923.

1. EXCEPTIONS, BILL OF—*Excluded Testimony—Expected Answers—Case at Bar.*—In a prosecution for homicide there had been testimony showing the general reputation of deceased, some of which tended to show that she was by nature violent and dangerous. But when questions as to specific acts of violence by deceased were asked, objection to them was sustained. There was, however, no specific bill or certificate of exceptions which showed what the answer of the witnesses would have been to these questions if they had been allowed.

   *Held:* That in this state of the record exceptions of this kind were unavailing.

2. EXCEPTIONS, BILL OF—*Error in Rejecting an Offer of Evidence—Materiality of the Evidence Tendered—Answer Expected.*—In order to show that the trial court erred in rejecting an offer of evidence, or in excluding evidence, the bills of exceptions must show the materiality of the evidence tendered. Where a question is asked, and the witness is not permitted to answer, the bill of exceptions must show what the party offering the witness expected or proposed to prove by him. If the witness is permitted to answer, and the answer is excluded, it should show what the answer was. This is necessary because it may be that the witness had no knowledge upon the subject, or what he knew was irrelevant or immaterial. A judgment will not be reversed because evidence has been excluded or rejected by the trial court unless its materiality is made to appear.

Error to a judgment of the Circuit Court of Arlington county.

*Affirmed.*

The opinion states the case.

*Crandall Mackey, Jas. Sherier* and *William C. Ashford,* for the plaintiff in error.

*John R. Saunders, Attorney-General, J. D. Hank, Jr., Assistant Attorney-General,* and *Leon M. Bazile, Second Assistant Attorney-General,* for the Commonwealth.

PRENTIS, J., delivered the opinion of the court.

[1, 2] The accused was indicted for the murder of his wife and has been convicted of manslaughter.   He assigns two errors, both referring to the effort to have witnesses testify as to specific acts of the deceased showing her dangerous character which had been communicated to the accused.   There had been testimony showing the general reputation of the deceased, some of which tended to show that she was by nature violent and dangerous.   When these questions as to specific acts of violence were asked, the attorney for the Commonwealth objected and the objection was sustained.

It is unnecessary for us to discuss the questions raised in the briefs as to evidence of this character, because there is no specific bill or certificate of exceptions which showed what the answer of the witnesses would have been.   In this state of the record it is perfectly clear that an exception of this kind is unavailing, so that we content ourselves with referring to the well settled rule stated in section 273 of Burks' Pleading and Practice (2nd ed.), and to this language of Buchanan, J., in *Union Central Life Insurance Co.* v. *Pollard*, 94 Va. 157, 26 S. E. 423, 36 L. R. A. 271, 64 Am. St. Rep. 715:

"In order to show that the trial court erred in rejecting an offer of evidence, or in excluding evidence, the bills of exceptions must show the materiality of the evidence tendered.   Where a question is asked, and the witness is not permitted to answer, the bill of exceptions must show what the party offering the witness expected or proposed to prove by him.   If the witness is per-

mitted to answer, and the answer is excluded, it should show what the answer was. This is necessary because it may be that the witness had no knowledge upon the subject, or what he knew was irrelevant or immaterial. A judgment will not be reversed because evidence has been excluded or rejected by the trial court unless its materiality is made to appear. *Caperton* v. *Utz*, 4 Gratt. (45 Va.) 272; *Johnson's Ex'x* v. *Jennings*, 10 Gratt. (51 Va.) 17; *McDowell's Ex'r* v. *Crawford*, 11 Gratt. (52 Va.) 387; *Martz* v. *Martz*, 25 Gratt. (66 Va.) 367; *Stoneman's Case*, 2 Gratt. (43 Va.) 887; *Continental Ins. Co.* v. *Kasey*, 2 Gratt. (43 Va.) at p. 276; *Beirne* v. *Rosser & Turner*, 26 Gratt. (67 Va.) 537, 547; *Valley Mut. Life Ass'n* v. *Teewalt*, 79 Va. 421; *Taylor* v. *Commonwealth*, 90 Va. 110, 17 S. E. 812."

*Affirmed.*