## CIRCUIT COURT OF FAIRFAX COUNTY

Philip Hong

v.

Tae H. Kim

August 11, 2010

Case No. CL-2009-4440

By Judge Dennis J. Smith

This case comes before the Court upon Plaintiffs Second Amended Complaint alleging assumpsit, unjust enrichment, and breach of contract and praying for judgment in the amount of $100,000 plus interest. Trial was on July 7, 2010. At the close of Plaintiff's case in chief, I granted Defendant's motion to strike the breach of contract claim, and, after the conclusion of the evidence and closing arguments, I took the matter under advisement.

*Facts*

Considering all of the testimony presented, the exhibits admitted into evidence, and the arguments of counsel, I find the following facts.

In November of 2004, Plaintiff obtained a home equity loan of $160,000. A third party, Hayung Peter Jin, brokered the home equity loan. Jin represented to Plaintiff that he had another client who needed a short-term loan to close on a property, and, if Plaintiff made that loan, he would receive his money back plus interest within a few months.

On November 12, 2004, at the direction of Jin, Plaintiff wrote one check for $60,000 and one check for $100,000. The latter check was made payable to the Defendant, Kim. By February 2005, Jin returned to the Plaintiff $60,000 plus $4,000 in interest.

The evidence further established that Defendant Kim operates a check cashing service for individuals. Jin approached Kim about cashing a $100,000 check, but the Defendant declined as Kim did not trust Jin and Jin indicated the check would be made payable to a third party. When asked again, Kim agreed to cash the check but only if the check was made payable to him, and even then he would do so by depositing it into his personal account as opposed to his check cashing business account. Between November 12 and November 15, 2004, Jin tendered the check for $100,000 to Kim, and Kim deposited the check into his personal account.

## Burden of Proof

"The burden is on the plaintiff in civil suits or actions to prove his case by a mere preponderance of the evidence." *Yeary v. Holbrook*, 171 Va. 266, 284, 198 S.E. 441 (1938). Preponderance of the evidence generally means the greater weight of the evidence or the evidence which the fact finder finds most persuasive. *See Sawyer v. Comerci*, 264 Va. 68, 75, 563 S.E.2d 748, 752 (2002).

## Analysis

A. *Assumpsit*

As a general rule, "whenever a man receives money belonging to another without any reason, authority, or consideration, an action lies against the receiver as for the money received to the other's use." *Robertson v. Robertson*, 137 Va. 378, 383, 119 S.E. 140 (1923). Additionally, assumpsit will lie:

> in all cases where one person has received money, or its equivalent, under such circumstances that in equity and good conscience he ought not to retain it and *ex aequo et bono* it belongs to the plaintiff, in which cases there is, of necessity, the existence of a valid and sufficient consideration of detriment to the plaintiff, otherwise the equity of the latter would not arise — and in which cases, also, there is an absence of facts expressly proved which *ex aequo et bono* negative the existence of any promise in fact. And this is so irrespective of whether the money was received from the plaintiff or a third person.

*City of Norfolk v. Norfolk County*, 120 Va. 356, 364, 91 S.E. 820 (1917).

In *City of Norfolk*, certain territory formerly in the County of Norfolk was annexed to the City of Norfolk. Property belonging to the Norfolk

and Western Railway Company and the Norfolk and Atlantic Terminal Company was located in the annexed territory. Subsequently, taxes were mistakenly assessed against that property in the County of Norfolk, instead of the new jurisdiction, the City of Norfolk. The City of Norfolk brought an action to recover the amount of the taxes paid to the County of Norfolk. The case was dismissed in the trial court on demurrer on the grounds that the Complaint did not contain allegations of privity between the parties. The Supreme Court of Virginia reversed. In its opinion the Court distinguished express and implied contracts from "quasi-contracts." Quasi contract, or *quasi contractus*, is "an obligation similar in character to that of a contract, but which arose not from an agreement of parties, but from some relation between them or from a voluntary act of one of them, or . . . an obligation springing from voluntary and lawful acts of parties in the absence of any agreement." *City of Norfolk,* 120 Va. at 362-63. Obligations in quasi contracts will be "recognized and enforced by common law courts by means of a general assumpsit. The liability exists from an implication of law that arises from the facts and circumstances independent of agreement or presumed intention." *Id.* at 363. The Supreme Court held that the county "was never, as a matter of right, entitled to such taxes . . . therefore, [the county could not] in equity and good conscience retain such taxes as against the city." *Id.* at 372.

In the case at bar, the evidence is that Plaintiff paid money to the Defendant believing the money to be a loan and expecting the money to be returned in three months. There was no evidence that the money was a gift, and there was no evidence produced that Defendant had an independent right to the money or even *believed* that he had such a right. Defendant Kim testified that he then wrote a check dated November 15, 2004, made payable to KAAA of Greater Washington in the amount of $50,000 (Defendant's Exhibit 1) and that he paid the remaining $50,000 in cash to Jin. Additionally, he claimed that he disbursed the funds pursuant to Jin's instructions, but he did not remember whether he received a commission for his check cashing service in the transaction. While Defendant did produce evidence that he paid $50,000 to the KAAA of Greater Washington, he offered no evidence beyond his own testimony as to the cash payment of $50,000 to Jin.

In order to analyze both the assumpsit and unjust enrichment claims, I must first examine the relationships between the players. I do find that broker Jin was acting as an agent for Plaintiff in this transaction. Whether an agency relationship exists is a question for the fact finder, and "[a]gency may be inferred from the conduct of the parties and from the surrounding facts and circumstances." *Drake v. Livesay,* 231 Va. 117, 121, 341 S.E.2d 186 (1986). In this case, Plaintiff entrusted Jin with two checks, one payable to Jin and one payable to Defendant. Plaintiff testified that the two checks were written as instructed by Jin and that he directed Jin to tender those checks as loan(s). Defendant instructed Jin to have Plaintiff make the check

payable to him, and when Jin presented the check to him in that form, from Defendant's perspective, Jin had apparent authority to act on behalf of Hong, the disclosed principal. "The apparent authority, so far as third persons are concerned, is the real authority, and when a third person has ascertained the apparent authority with which the principal has clothed the agent, he is under no obligation to inquire into the agent's actual authority." *Singer S. Mach. Co. v. Ferrell*, 144 Va. 395, 404, 132 S.E. 312 (1926). In this case, by writing a check made out to Defendant and placing it in the care of Jin, Plaintiff conferred upon Jin the apparent authority to deliver the check to Defendant. Furthermore, by receiving a check from an agent which was signed by the plaintiff and drawn in his account, Kim was dealing with an agent representing a disclosed principal.

Considering the testimony and the demeanor of the Defendant on the witness stand, however, I do not find the Defendant's testimony as to the instructions of Jin or the disposition of the monies credible. I note in passing two pieces of evidence undermining his version of events: (1) the check to KAAA does not in any way reference Jin, but it does refer to the Defendant himself; and, (2) no records were presented to support his testimony regarding the cash disbursement. Accordingly, I find that the Plaintiff has established by a preponderance of the evidence that $100,000 of his funds were delivered to the Defendant, that the Defendant knew they were Plaintiff's funds as the face of the check shows that it was drawn on Plaintiff's checking account, that the Defendant had no right to or claim on the funds, and that insufficient credible evidence has been presented to establish that the Defendant returned the funds to the Plaintiff or any agent for the plaintiff, or that he disposed of the monies in accordance with instructions from Plaintiff or his agent. Accordingly, Plaintiff is awarded judgment against the Defendant on Count 1.

## B. *Unjust Enrichment*

The analysis of the unjust enrichment claim is similar to the analysis of the assumpsit claim because, in both causes of action, the Defendant's obligation is brought about *quasi ex contractu. See Rinehart v. Pirkey*, 126 Va. 346, 351, 101 S.E. 353 (1919) ("The acts of the parties may bring about an obligation *quasi ex contractu* where one person confers benefits upon another for which the latter ought to pay, the obligation rests, as said by Professor Keener, `upon the doctrine that a man shall not be allowed to enrich himself unjustly at the expense of another'." (quoting *Clark on Contracts*, § 314, at 757 (1894)). In a cause of action for assumpsit, the focus of the analysis is on the detriment to the Plaintiff, and, in an action for unjust enrichment, the focus of the analysis is on the benefit conferred on the Defendant.

To recover on his claim for unjust enrichment, Plaintiff must plead and prove (1) he conferred a benefit on Defendant; (2) Defendant knew of the benefit and should reasonably have expected to repay Plaintiff; and (3) Defendant accepted or retained the benefit without paying for its value. *Schmidt v. Household Finance Corp.*, 276 Va. 108, 116, 661 S.E.2d 834 (2008). In this case, the evidence is that Plaintiff paid over $100,000 to Defendant as a loan. Defendant offered no justification for retaining the money and provided no evidence that the money was a gift. I find that, under the circumstances, Defendant should have reasonably expected to repay Plaintiff. Finally, although Defendant claims he paid over the remaining $50,000 in cash to Broker Jin, Defendant offered no evidence in support of this claim. Furthermore, Defendant's testimony in this regard is undermined by the fact that he claims he does not recall whether or not he received a commission for his check-cashing services.

In my judgment, Plaintiff has proved by the preponderance of the evidence that Defendant received the benefit of $100,000 from the Plaintiff, that he reasonably should have expected to distribute it pursuant to the instructions of Hong's agent or repay it to Hong, and that the evidence does not persuade the court that he did either. I therefore award judgment against Defendant Kim on Count 2: Unjust Enrichment.

## Conclusion

Judgment is awarded in favor of the Plaintiff and against the Defendant, Tae H. Kim, in the amount of $100,000.