𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

NORFOLK COUNTY WATER COMPANY V. ETHERIDGE.

January 11, 1917.

1. NUISANCES—*Number of Actions—Limitation of Actions.*—Repeated actions may, as a general rule, be brought to recover for nuisances as long as the nuisance continues; but where there is a permanent nuisance, the consequences of which, in the normal course of things, will continue indefinitely, there can be but a single action therefor, and the entire damage suffered, both past and future, must be recovered in that action, and the right to recover will be barred unless it is brought within the prescribed number of years from the time the cause of action accrued.

2. WATERS AND WATERCOURSES—*Overflowing Lands—Damages.*—Defendant company built an enormous dam and reservoir across a natural watercourse. The lake of water formed by this structure interfered with the natural drainage to the plaintiff's land, and the water from the artificial lake backed upon plaintiff's farm, causing the injuries complained of. As the dam was a permanent structure and the injuries to the land flowing from it were not of a recurrent and intermittent character, but were permanent in their nature, there can be but one recovery for such injury, which would include all the damage sustained, both past and future, and there can be no recovery for damage to crops put out since the cause of action accrued, as such damages are included in the single judgment for permanent damages. But the damage to a crop which was put out during the construction of the dam and before its injurious effect was known, can be recovered.

3. WATERS AND WATERCOURSES—*Measure of Damages to Land From Dam.*—Where a dam causes permanent injuries to another's land, the measure of damages is the difference in the market value of the land with and without the dam, to be computed as of the time immediately before the dam was built and immediately after it was finished and filled with water.

Error to a judgment of the Circuit Court of Princess Anne county in an action of trespass on the case. Judgment for the plaintiff. Defendant assigns error.

*Reversed.*

The opinion states the case.

*Pender & Way,* for the plaintiff in error.

*Robert W. Tomlin* and *William G. Maupin,* for the defendant in error.

HARRISON, P., delivered the opinion of the court.

The plaintiff, W. T. Etheridge, brought this action to recover damages alleged to have been suffered in consequence of the defendant water company having built a dam which caused his lands to be permanently injured, and for the destruction of crops on such lands for the years 1912, 1913 and 1915. The case was conducted by the plaintiff in the lower court upon the theory that the injury was intermittent and recurrent, and that only such damages were recoverable as had been suffered prior to the institution of the suit. The instructions given by the court sustained this theory, and a verdict was rendered against the defendant company for $3,500 damage to the land, and for $1,000 damage to the crops for the three years mentioned. To this judgment the present writ of error was awarded.

The contention of the defendant company is that the dam complained of is a permanent structure and that the injury to the land is, as alleged, permanent in its character, and that there can be but a single action therefor, in which the entire damage suffered both past and future, must be recovered; that there can be no separate recovery for crops put out after the completion of the dam; and that to allow such a recovery would inflict upon the defendant the payment of damages twice for the one injury.

The law applicable to this case has been so repeatedly announced by this court, in recent decisions, that it is unnecessary to do more than cite the latest decision, where it is said: "Undoubtedly, repeated actions may, as a general

rule, be brought to recover for nuisances as long as the nuisance continues; but where there is a permanent nuisance, the consequences of which, in the normal course of things, will continue indefinitely, there can be but a single action therefor, and the entire damage suffered, both past and future, must be recovered in that action, and the right to recover will be barred unless it is brought within the prescribed number of years from the time the cause of action accrued." *Worley* v. *Mathieson Alkali Works*, 119 Va. 862, 89 S. E. 880.

It appears from the record that the defendant company, for the purpose of supplying the public with water, built an enormous dam and reservoir across a natural water course known as "Gum Swamp." The lake of water thus impounded covers some four hundred and fifty acres of land belonging to the defendant, the entire structure being on its premises. This structure caused the Gum Swamp to be filled with water to such an extent that the natural drainage to the plaintiff's land was interfered with, and the water from the artificial lake or reservoir backed upon the plaintiff's farm, thereby causing the injuries complained of.

There can be no question that this is a permanent structure and we think that the evidence warrants the conclusion that the injuries to the land flowing from it are not of a recurrent and intermittent character, but are permanent in their nature, and in the normal course of things will continue indefinitely. The evidence shows that whether the water is above the spillway and overflowing or not, the ditches keep full, thereby backing the water upon the land, and further that the water is always under plaintiff's land, thereby making it sour, cloddy and unproductive. It is true that the water sometimes gets low in dry weather and the overflow ceases temporarily, but the menace of an overflow and destruction of crops is always present as shown by the repeated damage to crops.

It is clear that if, as held, the dam in this case constitutes a permanent structure and from its nature must continue permanently to injure the land affected thereby, there can be but one recovery for such injury, which would include all the damage sustained, both past and future. It is conceded that the damage to the crop of 1912, which was put out during the construction of the dam and before its injurious effect was known, can be recovered in this action. There can, however, be no recovery for damage to crops put out since the plaintiff's cause of action accrued. Such future damages are included in the single judgment for permanent damages and the plaintiff cannot be twice subjected to the payment thereof.

In conclusion, we are of opinion that under the law and the facts of this case, the permanent damage to the land of the plaintiff, both past and future, must be recovered in this action, the measure of such damage being the difference in the market value of the land with and without the dam, to be computed as of the time immediately before the dam was built and immediately after it was finished and filled with water; that there can be no recovery for damage to the crops of 1913 and 1915, which were put out after the plaintiff's cause of action arose; and that the plaintiff can recover any damage shown to have been suffered by reason of injury to the crop of 1912.

Without considering the instructions objected to in detail, it is sufficient to say that they are based upon an erroneous view of the law applicable to this case, and were, therefore, highly prejudicial to the defendant company.

The judgment complained of must be reversed, the verdict of the jury set aside, and the case remanded for a new trial in accordance with the views expressed in this opinion.

*Reversed.*