## Staunton.

### Eltie Robertson v. Grady Robertson.

September 20, 1923.

1. Vendor and Purchaser—*Failure of Title—Recovery of Consideration by Purchaser—Deeds—Covenants.*—Where there is an executed contract for the sale of land evidenced by deed, without any warranty or covenants, the vendee, who finds his title to be invalid or defective, can rely only upon the express covenants of his vendor. This rule, however, is inapplicable to executory contracts for the sale of land, for a valuable consideration has passed from the vendee to the vendor under a mutual mistake of fact. In such case, upon failure of title, the vendor in equity and good conscience has no right to retain the consideration of the sale.

2. Implied Contracts—*Money had and Received—General Rule.*—Where the defendant is proved to have in his hands the money of the plaintiff, which *ex aequo et bono* he ought to refund, the law conclusively presumes that he has promised to do so, and the jury are bound to find accordingly, and after verdict the promise is presumed to be actually proved.

3. Assumpsit—*Money had and Received— Vendor and Purchaser.*—The action of *indebitatus assumpsit* for money had and received will lie whenever one has the money of another which he has no right to retain, but which *ex aequo et bono*, he should pay over to that other. And that the action lies for the recovery of money justly due the vendee, where there is a failure of consideration growing out of an unexecuted contract for the sale of real estate, appears to be generally accepted.

4. Assumpsit— *Money had and Received—Mistake and. Accident—Purchase of Heir's Interest in Land where Vendor and Purchaser Both Mistakenly Believed Ancestor to be Dead.*—Plaintiff and defendant were brothers, and defendant offered to sell and plaintiff to buy defendant's interest in the land of a third brother, who was supposed by both plaintiff and defendant to be dead. The consideration was $398.66, for which defendant gave plaintiff a receipt.

   *Held:* That upon the return of the third brother alive plaintiff was entitled to recover the consideration paid as money had and received, no deed having been executed for the land.

Error to a judgment of the Circuit Court of Giles county, in a proceeding by motion for a judgment for money. Judgment for defendant. Plaintiff assigns error.

*Reversed.*

The opinion states the case.

*M. P. Farrier*, for the plaintiff in error.

*W. B. Snidow*, for the defendant in error.

PRENTIS, J., delivered the opinion of the court.

The parties to this motion are brothers, who with their seven brothers and sisters inherited a tract of land in Giles county from their father. Eltie Robertson, the plaintiff, acquired the undivided interests of two of the other heirs at law, and thus became the owner of three-ninths of the entire tract. Then there was a suit for partition, and by common consent the one-ninth thereof which belonged to Lawson Robertson, one of the brothers, (who had left the State and had not been heard from for several years), was included in one parcel with the three-ninths which belonged to and was assigned to the plaintiff. It was further agreed that whenever Lawson Robertson should return to claim his own, he should have his share out of this tract of 146 acres, that the plaintiff should account to him for the use and occupation of his proper share thereof; and that if he should never return, his one-ninth share should be thereafter partitioned between his heirs at law. As Lawson Robertson had failed to return, another partition suit was instituted, based upon the presumption that he was dead, as nothing had been heard from or of him for more than seven years. It appearing that his one-ninth

interest could not be conveniently divided in kind, there was a decree in that suit for its sale for the purpose of dividing the proceeds of sale between those entitled thereto. Prior to that time, the defendant here had become indebted to the plaintiff for money borrowed to pay for a farm which the defendant had bought. It was the purpose of the plaintiff to buy the Lawson Robertson interest in the land when it should be offered under the decree for sale. The defendant knowing this, offered to sell the plaintiff his one-eighth interest in this land, and plaintiff agreed to buy it for $398.66. The consideration was paid by a credit on his indebtedness to the plaintiff, and this transaction was closed by the execution of a receipt which reads:

"August 23, 1920.

"Received of Eltie Robertson $398.66, as full payment for my share in Lawson Robertson's real estate of the late J. S. Robertson, deceased.

"Grady Robertson."

Soon thereafter and before the decree for sale had been executed Lawson Robertson returned, asserted his title, and took possession of his interest in the land. Thus there was an entire failure of the consideration for the transaction between the plaintiff and defendant. The plaintiff then requested repayment of the amount, the defendant denied his liability therefor, and this motion for its recovery resulted.

The trial court instructed the jury, in substance, that the plaintiff could not recover unless there was an express promise made by the defendant to refund the amount paid him if Lawson Robertson should return and claim his land, and in accordance therewith there

was a verdict and judgment in favor of the defendant, which is here under review.

[1] The trial court apparently construed the transaction to be an executed contract for the sale of land, as if there had been a deed therefor without any warranty or covenants of title. While in such cases the vendee who finds his title to be invalid or defective can generally rely only upon the express covenants of his vendor, that rule is inapplicable to executory contracts for the sale of land.

Here we have a transaction in which a valuable consideration has passed from the plaintiff to the defendant under a mutual mistake of fact which, because such consideration therefor has failed, the defendant in equity and good conscience has no right to retain. The mutual mistake of fact was that both erroneously thought that their brother Lawson Robertson was dead, and the contract was made under this misconception.

[2] The controlling rule is thus stated in 2 Greenleaf on Evidence (15th ed.), sec. 102: "Where the defendant is proved to have in his hands the money of the plaintiff, which *ex aequo et bono* he ought to refund, the law conclusively presumes that he has promised to do so, and the jury are bound to find accordingly; and after verdict the promise is presumed to be actually proved.    *    *"

In *Moses* v. *Macferlan*, 2 Burrow 1012, Lord Mansfield expresses it thus: "This kind of equitable action, to recover back money, which ought not in justice to be kept, is very beneficial, and therefore much encouraged. It lies only for money which, *ex aequo et bono*, the defendant ought to refund; it does not lie for money paid by the plaintiff, which is claimed of him as payable in point of honor and honesty, although it could not have been recovered from him by any course of law; as in payment of a debt barred by the statute of limitations,

or contract during his infancy, or to the extent of principal and legal interest upon an usurious contract, or for money fairly lost at play; because in all these cases, the defendant may retain it with a safe conscience, though by positive law he was barred from recovering. But it lies for money paid by mistake; or upon a consideration which happens to fail; or for money got through imposition (express, or implied); or extortion, or oppression, or an undue advantage taken of the plaintiff's situation, contrary to laws made for the protection of persons under those circumstances. In one word, the gist of this kind of action is, that the defendant, upon the circumstances of the case, is obliged by the ties of natural justice to refund the money."

In *Bayne* v. *United States*, 93 U. S. 642, 23 L. Ed. 997, we find this: "Assumpsit will lie whenever the defendant has received money which is the property of the plaintiff, and which the defendant is obliged by natural justice and equity to refund."

An instructive case is *State* v. *St. Johnsbury*, 59 Vt. 332, 10 Atl. 531. In the course of the opinion this language appears: "But it is said that assumpsit for money had and received will not lie, for that there is no privity between the State and the village, as the latter received from third persons and has retained the money in good faith under an adverse claim of right and ownership. But in order to maintain this action there need be no privity between the parties, nor any promise to pay, other than that which arises and is implied from the fact that the defendant has money in his hands belonging to the plaintiff that he has no right conscientiously to retain. In such case the equitable principle on which the action is founded implies the promise. When the fact is found that the defendant has the plaintiff's money, if he can show neither legal nor equitable

ground for keeping it, the law creates the privity and the promise."

The rule was announced by the Court of King's Bench as early as 1725, in the case of *Attorney-General* v. *Perry*, 2 Comyn's Rep. 481, that "whenever a man receives money belonging to another without any reason, authority, or consideration, an action lies against the receiver as for money received to the other's use; and this as well where the money is received through mistake under color, and upon an apprehension, though a mistaken apprehension, of having a good authority to receive it, as where it is received by imposition, fraud, or deceit in the receiver."

Mr. Justice Story, in *Cary* v. *Curtis*, 3 Howard 236, 11 L. Ed. 576, succinctly summarizes the rule thus: "Hence, it is a doctrine of the common law (as far as my researches extend), absolutely universal, that if a man by fraud or wrong, or illegality, obtains, or exacts, or retains money justly belonging to another, with notice that the latter contests the right of the former to receive, or exact, or retain it, an action for money had and received lies to recover it."

[3] Among the Virginia cases is *Lawson's Executor* v. *Lawson*, 16 Gratt. (57 Va.) 230, 80 Am. Dec. 702, where it is said: "The action of *indebitatus assumpsit* for money had and received will lie whenever one has the money of another which he has no right to retain, but which *ex aequo et bono*, he should pay over to that other." The facts of that case were, in brief, that a husband had handed a sum of money to his wife to be later deposited in bank and before the deposit was made the husband died. The wife refused to surrender the money and an action of assumpsit was sustained in favor of the husband's executor. *Norfolk* v. *Norfolk*

*County,* 120 Va. 379, 91 S. E. 820; *Rinehart* v. *Pirkey,* 126 Va. 346, 101 S. E. 353.

That the action lies for the recovery of money justly due the vendee where there is a failure of consideration growing out of an unexecuted contract for the sale of real estate, appears to be generally accepted. *Bank of Metropolis* v. *Guttschlick,* 14 Pet. 19, 10 L. Ed. 335; *Ankeny* v. *Clark,* 148 U. S. 345, 13 Sup. Ct. 617, 37 L. Ed. 475; *Thiele* v. *Carey,* 85 Neb. 454, 123 N. W. 442, 133 Am. St. Rep. 679.

In *Murray* v. *Clay,* 9 Ark. 39, 47 Am. Dec. 731, this is said: "It is a common practice for purchasers of real estate, upon the refusal or inability of the vendor to convey, to bring an action of assumpsit for the purchase money, instead of covenant to recover damages for a breach of the contract." 2 R. C. L. 788. *Shreve* v. *Grimes,* 4 Litt. (Ky.) 220, 14 Am. Dec. 117; *Wright* v. *Dickinson,* 67 Mich. 580, 35 N. W. 164, 11 Am. St. Rep. 602; *Gillet* v. *Maynard,* 5 Johns (N. Y.) 85, 4 Am. Dec. 329; *Pipkin* v. *James,* 1 Humph. (Tenn.) 325, 34 Am. Dec. 652; *McKinnon* v. *Vollmar,* 75 Wis. 82, 43 N. W. 800, 17 Am. St. Rep. 178, and note, 6 L. R. A. 121. *Frey* v. *Stangl,* 148 Iowa 522, 125 N. W. 868, L. R. A. 1916D, 462.

[4] We have here no executed contract (deed) conveying land, but a mere receipt showing the consideration paid by the plaintiff to the defendant for an undivided interest in the land. This receipt was not under seal and did not purport to be a conveyance thereof. Under the circumstances it should doubtless be construed to be an assignment to the plaintiff of the defendant's prospective share of the purchase money for the Lawson Robertson land which the court had directed to be sold in the suit for partition.

Our conclusion then is that the instruction referred to

was erroneous, that there was an implied promise of the defendant to refund the amount in case the consideration therefor failed, and that under the conceded facts the verdict should have been set aside and judgment entered by the trial court for the plaintiff.

This court will, therefore, reverse the judgment for the defendant and enter here a final judgment in favor of the plaintiff, Eltie Robertson, against Grady Robertson for $398.66, with interest from August 23, 1920, and costs.

*Reversed.*