### CIRCUIT COURT OF FAIRFAX COUNTY

Elizabeth Oram Velesz et al.

v.

Laima Simanavichus et al.

December 3, 2001

Case No. (Chancery) 173862

BY JUDGE JONATHAN C. THACHER

This matter came before the Court on October 19, 2001, on Defendant Laima Simanvichus's Second Demurrer to Plaintiffs Elizabeth Oram Velesz et al. Amended Bill of Complaint. This matter was taken under advisement to determine whether the Defendant's demurrer should be sustained. For the stated reasons in this letter opinion, the demurrer is sustained without leave to amend and the temporary injunction is dissolved.

Plaintiffs are the adult children of William L. Oram, now deceased. Defendant Simanvichus is the surviving spouse of Mr. Oram. Defendant and Mr. Oram were married on November 23, 2000. Mr. Oram died from cancer on January 15, 2001. On June 11, 2001, TeamVest, Inc., the plan manager for Dewberry & Davis 401(k) plan, transferred Mr. Oram's 401(k) funds to an IRA account for the benefit of the Defendant, despite the alleged designation of Mr. Oram's estate as the sole beneficiary of the 401(k) funds.

In the Amended Bill of Complaint, Plaintiffs seek a declaratory judgment that Defendant Simanvichus is not the surviving spouse of their deceased father, Mr. Oram, for purposes of obtaining the proceeds of the 401(k) funds they allege were mistakenly distributed to Defendant. Plaintiffs allege that Defendant procured her marriage to Mr. Oram through fraud and duress. Mr. Oram was terminally ill with cancer and incapacitated by prescribed narcotics and other medications at the time of the marriage. Plaintiffs also allege that Defendant was unjustly enriched

when these funds were transferred to her because Mr. Oram designated his estate as the sole beneficiary of the 401(k) funds. Plaintiffs also request a temporary injunction pending a full hearing on the Bill of Complaint.

Defendant Simanavichus's Second Demurrer claims that Plaintiffs' request for declaratory judgment is inappropriate because the Plaintiffs seek to declare the marriage between the Defendant and their deceased father, Mr. Oram, void, rather than asking for a declaration of their rights. In addition, Defendant claims that Plaintiffs have no standing to challenge their father's marriage. Defendant states that there is no allegation that she had anything to do with the transfer of the funds to her IRA account and that she received these funds because she was married to Mr. Oram.

## Count 1: *Declaratory Judgment*

Declaratory judgment is appropriate when the case involves an actual controversy requiring interpretation of rights. See *Reisen v. Aetna Life & Cas. Co.*, 225 Va. 327 (1983).[1] Declaratory judgment will not lie where the plaintiff only requests a determination of a disputed issue that can be resolved in future litigation, rather than the adjudication of any rights of the parties. See *USAA Cas. Ins. Co. v. Randolph*, 255 Va. 342 (1998).[2] The Plaintiffs ask this Court to declare that the Defendant is not the surviving spouse of their deceased father, William L. Oram. Plaintiffs do not ask for a determination of rights. They seek a resolution of whether the marriage between Defendant and William L. Oram, now deceased, is legal, void, or voidable in order to reclaim their deceased father's 401(k) funds allegedly erroneously dispersed to Defendant. Other remedies are available for making these determinations. A declaratory judgment does not create or change any substantive rights, or bring into being or modify any relationships, or alter the character of controversies, which are the subject of judicial power. See *Williams v. Southern Bank of Norfolk*, 203 Va. 657, 662 (1962).[3] They are intended to supplement, not

---

[1] In *Reisen*, the Court upheld use of declaratory judgment to interpret rights under an insurance policy where the question involved the insurer's duty to defend in a pending tort action.

[2] In *USAA*, the Court struck down the grant of declaratory judgment where plaintiff requested determination of the issue of whether his injuries arose out of and in the course of his employment, rather than an adjudication of rights.

[3] In *Williams*, the true object of the proceeding involved determination of whether the bank made full disclosure of the facts regarding a bank customer to prosecutors where the question involved the bank's liability if the bank customer pursued malicious prosecution charges.

supersede ordinary causes of action. *Id.* Consequently, they will not be granted when other modes of proceeding are available for resolution of a dispute. See *Liberty Mutual Ins. Co. v. Bishop*, 211 Va. 414. Where determination of a disputed issue is the true object of the proceeding, declaratory judgment will not apply. See *USAA Cas. Ins. Co. v. Randolph*, 255 Va. at 347. Accordingly, the demurrer as to Count I is sustained.

## Count II: *Unjust Enrichment*

Where a defendant possesses money that, in justice and fairness, she ought to refund, the law conclusively presumes that she has promised to do so. See *Robertson v. Robertson*, 137 Va. 378, 119 S.E. 140 (1923). Where the defendant has received money from a third person by law or authority through some mistake or fraud, which but for the mistake or fraud would have vested the right to the money in the plaintiff, the plaintiff may recover whenever, but for the mistake or fraud, he would have had unquestioned right to the money. See *John C. Holland Ent. v. J. P. Mascaro & Sons*, 653 F. Supp. 1242 (E.D. Va. 1987); *City of Norfolk v. Norfolk County*, 120 Va. 356 (1917). Such cases rest upon the plaintiff's original right to the money. *Id.* at 622. In the instant case, the Plaintiffs cannot demonstrate a pre-existing right to the 401(k) funds. This fund was designated as belonging to the Estate of William L. Oram, and the Plaintiffs, as beneficiaries of that Estate, may be entitled to some of those funds. But, the Plaintiffs' beneficiary status does not establish an *unquestioned right* to this money. In addition, it is well settled in Virginia that beneficiaries lack standing to sue to recover personal assets of a testator. See *Beaty v. Downing*, 96 Va. 451, 454 (1898). The matter of the Estate of William L. Oram is currently pending in this Court. The demurrer to Count II is sustained.

## Count III: *Injunction*

A temporary injunction was granted in this case on August 9, 2001, pending a full hearing on the merits on the Bill of Complaint. A temporary injunction is awarded when there appears to be a substantial likelihood that the movant will ultimately prevail on the merits. See *Ible v. Commonwealth*, 11 Va. Cir. 130 (1987); *Hampton Roads Shipping Ass'n v. International Longshoremen's Ass'n*, 597 F. Supp. 709 (E.D. Va. 1984). Because the demurrer to the Amended Bill of Complaint has been sustained, the Plaintiffs will not prevail on the merits. Therefore, the temporary injunction is dissolved.